**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LINCOLN G. LATHAM, JR.,** ) <br><br> **Plaintiff,** ) <br><br> **v.** ) <br><br> **SUSAN COAKLEY, President and CEO of** ) <br> **Aspire Health Alliance, et al.,** ) <br><br> **Defendants.** ) | **Civil Action No. 26-11129-BEM** |

## MEMORANDUM AND ORDER

**MURPHY, J.**

Plaintiff Lincoln G. Latham, Jr., a resident of Boston, Massachusetts, has filed a complaint against an officer and several board members of a non-profit organization. Dkt. 1 ("Complaint" or "Compl.").

Latham also filed a motion for leave to proceed *in forma pauperis*, Dkt. 2, a motion for leave to file electronically *pro se*, Dkt. 4, a motion for approving service, Dkt. 5, and a motion for temporary restraining order, Dkt. 7.

For the reasons set forth below, the Court will grant the motion for leave to proceed *in forma pauperis*, deny the remaining motions, and dismiss this action.

## I.    Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Latham's motion for leave to proceed *in forma pauperis*, the Court concludes that he has shown he is unable to pay the $405 filing fee. Accordingly, the Court will grant the motion.

## II.    The Complaint

Latham's complaint uses the preprinted Pro Se 1 Complaint for a Civil Case form provided by the Administrative Office of the United States Courts. *See generally* Compl.  In the case caption, Latham describes himself as a "Trainee as Housekeeping Aide at Pine Street Inn." *Id.* at case caption.  Latham identifies himself as a Massachusetts citizen with a mailing address in Boston, Massachusetts. *Id.* ¶ I(A).  Defendants, as described in the Complaint, are (1) Susan Coakley, President and CEO of Aspire Health Alliance; (2) Chris Fitzgerald, Director for Governing Board of Aspire Health Alliance; (3) Kelley K. Largey, Chairperson for Governing Board of Aspire Health Alliance; and (4) Ms. Kierra, Door Monitor for Governing Board of Aspire Health Alliance. *Id.* ¶ I(B).  Latham invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331 and certain parts of Title 49 of the United States Code including Part A of Subtitle VI. *Id.* ¶ II(A).  He alleges that Defendants "verbally conspired and plotted to alter, destroy, ruin, obstruct [Latham's] purchased 7-day Link Pass on MBTA Platform, by defendants intention to coordinate unscheduled meetings on 2/25/2026." *Id.* ¶ III.  He further alleges that Defendants' actions contributed to his being "hit by a car or hit by a vehicle while running to a MBTA Bus stop to attend a unscheduled meeting on 2/25/2026 & 2/26/2026." *Id.*  He asserts that Defendants rushed "passengers, drivers, residents to get out of the way while [Latham] rushed to attend unscheduled meeting." *Id.*  Latham seeks $85,000 in damages. *Id.* ¶ IV.  He also seeks to have the court order Defendants "to CEASE & DESIST from intentionally planning unscheduled meetings because they place[d] the Plaintiff in Harm's Way, as the unscheduled meetings are contradictions to daily MBTA Bus Schedules in Randolph, Boston, Roxbury, Dorchester, and South-end." *Id.*

## III.     Standard of Review

Because Latham is proceeding *in forma pauperis*, the Court may conduct a preliminary review of his Complaint and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  In evaluating the sufficiency of the complaint, the Court only considers "well-pleaded" factual allegations.  In other words, factual allegations that consist merely of "labels and conclusions" are not credited.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

Additionally, the Court "has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

In conducting this review, the Court liberally construes Latham's complaint because he is representing himself.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## IV.     The Complaint Fails to Provide a Sufficient Basis for Subject Matter Jurisdiction

Latham attempts to establish a federal question basis for jurisdiction by alleging violations of United States Code, Title 49, Subtitle IV, Part A, which encompasses 49 U.S.C. §§ 10101–11908.  49 U.S.C. § 10101 provides a list of U.S. government policies concerning the regulation of the railroad industry.  49 U.S.C. § 10901 provides the procedure related to the establishment and construction of railroad lines.  None of these statutes create private causes of

action.   The only private cause of action created by the Interstate Commerce Commission Termination Act[1] ("ICCTA") is found at 49 U.S.C. § 11704.   Section 11704 allows a person injured by a rail carrier providing transportation pursuant to the Surface Transportation Board's ("STB") jurisdiction to bring a private civil action against a rail carrier who has disobeyed an order of the STB.   49 U.S.C. § 11704(a).   Latham's allegations do not fit within the parameters of the private cause of action provided in the ICCTA.   Because federal law provides no private right of action for this type of claim, Latham's complaint does not arise under federal law.   As such, the Complaint must be dismissed.

In addition, the factual allegations are insufficient to allow the Court to draw a reasonable inference that Defendants are liable to Latham.   The Complaint fails to raise a plausible claim based on the contention that Defendants' meeting schedule contributed to Plaintiff's injuries. The allegations are entirely conclusory and are not supported by factual allegations identifying specific acts of misconduct by Defendants.   Also, the allegations that Defendants entered a verbal conspiracy are conclusory at best.   *See Squeri v. Mount Ida Coll.*, 954 F.3d 56, 66 (1st Cir. 2020) (explaining dismissal may be granted when "factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture").

## V.      Conclusion

In accordance with the foregoing, the Court hereby orders:

1)      The motion for leave to proceed *in forma pauperis*, Dkt. 2, is GRANTED.

2)      The motions for leave to file electronically *pro se*, Dkt. 4, for approving service, Dkt. 5, and for temporary restraining order, Dkt. 7, are DENIED.

---

[1] Congress passed the ICCTA in 1995, in part, to "substantially deregulate[] the rail and motor carrier industries." *Grafton & Upton Railroad Company v. Town of Hopedale*, 2023 WL 2761205, at *3 (D. Mass. Mar. 31, 2023) (citations omitted).   The ICCTA established the Surface Transportation Board within the Department of Transportation, *see* Pub. L. 104-88, § 201(a), 109 Stat. 803, 932 (1995) (codified as amended at 49 U.S.C. § 1301), and granted it exclusive regulatory authority over rail transportation.   *Id.*

5

3)      This action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  The Clerk shall enter a separate order of dismissal.

IT IS SO ORDERED.


 /s/ Brian E. Murphy
Brian E. Murphy
United States District Judge

Dated:  March 31, 2026

5